UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                            Case No. 12-20372

                            Hon. John Corbett O'Meara

CARL WASHINGTON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO DISMISS INDICTMENT

Before the court is Defendant Carl Washington's motion to dismiss the indictment (Docket Nos. 241, 249) based upon an alleged Speedy Trial Act violation. The government submitted a response, and the court heard oral argument on April 1, 2014. On April 17, 2014, Defendant filed a reply brief.

Defendant, appearing pro se for the purposes of this motion, contends that the Speedy Trial Act has been violated because more than 70 (non-excludable) days have passed since his arraignment. See 18 U.S.C. § 3161. The government contends that, because of various periods of excludable delay, no time has accrued toward the 70-day limit.

On August 8, 2012, Carl Washington and ten other co-defendants were charged with conspiracy to distribute cocaine in the Second Superseding

Indictment.  Prior to that time, other co-defendants were charged with this conspiracy and other violations.  See Docket Nos. 7, 16.  After Defendants Deshon Catchings and Lynn Sanford were arraigned and received voluminous discovery, they entered into stipulations with the government to adjourn the dates to file pre-trial motions.  Docket Nos. 58, 67.  The parties and the court agreed that this time period, from July 30, 2012, to September 17, 2012, constituted excludable delay under the Speedy Trial Act, based upon a finding that the ends of justice outweighed the interest of the public and defendants in a speedy trial.

 Defendant Washington was arraigned on the Second Superseding Indictment on August 15, 2012.  Trial had been previously scheduled to begin on October 9, 2012.  However, on September 7, 2012, Catchings filed several motions, which were denied on December 14, 2012.

 The parties entered into several additional stipulations to adjourn trial and motions were filed at various times, resulting in excludable time under the Speedy Trial Act.  The periods of time that Defendant contends were not excludable include August 16, 2012 (after his arraignment) until September 7, 2012 (when a co-defendant filed pre-trial motions), and May 29, 2013, until July 17, 2013.

 As for the first time period, from August 16 until September 7, 2012, Washington's co-defendants stipulated to adjourn pre-trial motion deadlines and

that the time period from July 30, 2012, until September 17, 2012. The court found this time to be excludable under § 3161(h)(7) of the Speedy Trial Act, based upon its ends-of-justice finding. See Bloate v. United States, 559 U.S. 196, 214 (2010). Although Washington did not join in this stipulation, "an exclusion as to one defendant applies to all codefendants." United States v. Holyfield, 802 F.2d 846, 848 (6th Cir. 1986).

As for the second time period, from May 29, 2013, until July 17, 2013, the government filed a (sealed) motion regarding Defendant Ray Cox on May 9, 2013. The court held a hearing on June 13, 2013, and requested supplemental briefing. The court held a second hearing on August 22, 2013, and resolved the matter. See Docket No. 200. Accordingly, during the second challenged time period, the government's motion was pending and the time was automatically excludable pursuant to § 3161(h)(1)(D).

Defendant also generally complains that he did not consent to various adjournments. However, because the court made ends-of-justice findings pursuant to § 3161(h)(7), Defendant's consent was not required. See United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009).

In sum, because of the complex nature and voluminous discovery involved in this case, the court has granted several stipulated adjournments of the trial date.

In addition, various motion filings have resulted in excludable time.  The court has reviewed the record and finds no violation of the Speedy Trial Act.

Therefore, IT IS HEREBY ORDERED that Defendant Carl Washington's motion to dismiss the indictment is DENIED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  April 29, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 29, 2014, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager